## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

In Re:  COMPLAINT OF MARK A. BEAUVOIS,
AS OWNER OF THE S/V WINWARD, its engines,
tackle appurtenances, equipment, etc., in a cause of
exoneration from or limitation from liability.

Case No.  2:10-cv-480-FtM-36SPC

_____

## **ORDER**

This matter comes before the Court on Plaintiff's Motion for Clerk's Entry of Default

Against Non-Filing Claimants (Doc. #22) filed on October 26, 2010.  On October 27, 2010,

Interested Parties Robert Lee and Jo Ellen Beauvois filed responses (Docs. #23, 24).  On November

3, 2010, Interested Parties Jeffrey Bunkers and Lynda Crowley filed responses (Docs. # 25, 26).

Plaintiff Mark A. Beauvois was granted leave to do so and filed his Reply (Doc. #32) on November

17, 2010.  Thus, the Motion is now ripe for review.

This is a case in admiralty in which Plaintiff Mark A. Beauvois filed a Complaint pursuant

to Rule F, Supplemental Rules for Certain Admiralty and Maritime Claims and Local Admiralty

Rule 7.06, for Exoneration From or Limitation of Liability (Doc. #1).  Plaintiff, who is the owner

of the motor vessel *S/V Winward*, was involved in a collision in the intracoastal waterway at the

mouth of the Caloosahatchee River near Cape Coral, Florida, on March 24, 2010, with a Grady

White motor vessel owned by Linda Crowley and Jeffrey Bunkers and operated by Crowley.  Three

passengers were onboard the *Winward*: JoEllen Beauvois, Carol Beauvois, and Robert Lee.  The

collision caused JoEllen Beauvois and Robert Lee to be thrown overboard.  Both were injured.

Plaintiff filed this Complaint within six months of first receiving written notice of a possible claim against him arising out of this accident.

Pursuant to 46 U.S.C. § 30501 *et seq.* and Supplemental Rule F, Plaintiff seeks exoneration from or limitation of liability for all losses, personal injury, and/or death alleged to have occurred as a result of the collision between the *Winward* and the Grady White motor vessel.  The Limitation Act affords a vessel owner, when loss or damage occurs without its privity or knowledge, the right to limit its liability to the value of the owner's interest in the vessel and the vessel's pending freight. See 46 U.S.C. § 183(a).  "The historical purpose of the Act, which was initially passed in 1851, was to encourage the development of a private maritime fleet and to protect the fledgling fleet from ruinous liability."  Midland Enterprises, Inc. Hartley Marine Corp. v. Brasher, 886 F.2d 812, 813 (6th Cir. 1989).

Pursuant to Supplemental Rule F(4) and Local Rule 7.06, Plaintiff published a copy of the approved Notice of Monition in The News Press, a daily newspaper published in Fort Myers, Florida on September 23 and 30, 2010 and October 7 and 14, 2010 (Doc. #17).  The Notice of Monition required all claimants to file their respective claims and answers to the Complaint with the Clerk of Court on or before October 22, 2010 or be defaulted.  JoEllen Beauvois, Robert Lee, Lynda Crowley, and Jeffrey Bunkers have appeared through counsel in this case and filed Answers to the Complaint (Docs. #10, 14, 19), but have not filed claims.  JoEllen Beauvois' and Robert Lee's Answers (Doc. #10, 14) simply admitted or denied the allegations in Plaintiff's Complaint.  Lynda Crowley's and Jeffrey Bunker's Answer (Doc. #19) included Affirmative Defenses.  None of the Answers included claims or counterclaims against Plaintiff Mark Beauvois.

Plaintiff filed the instant Motion for Entry of Clerk's Default on the grounds that the October 22, 2010 deadline for filing of claims has passed and no claims have been filed.  Accordingly, Plaintiff asserts that all persons or entities which have failed to file claims are in default.  JoEllen Beauvois, Lee, Crowley, and Bunkers all concede in response that they have not filed claims "as [they] do not contend that Mark Beauvois was negligent, [but] nonetheless filed a Response/Answer to the Complaint of Mark Beauvois requiring strict proof of the allegations thereof and as a result the Plaintiff is not entitled to a default."  (See Docs. #23-26).  Thus, these Interested Parties are attempting to contest the Petitioner's right to exoneration or limited liability through their Answers and Affirmative Defenses.

In responding to a complaint for exoneration from or limitation of liability, Supplemental Rule F(5) "Claims and Answers" requires that a claim be filed and allows a claimant to also file an answer to the complaint.  The section reads: "Claims shall be filed and served on or before the date specified in the notice provided for in subdivision (4) of this rule. . . . If a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim has included an answer."  (emphasis added). Courts have found that Supplemental Rule F(5) requires that a claim be filed first and prior or contemporaneously with an answer being filed.  Simply filing an answer is not sufficient because a person who has not presented a claim for damages may not then answer the limitation claim and contest the allegations therein.  "The burden of proof of exoneration is on the claimants; they must prove some fault on the part of petitioner as in the case of a complaint charging liability."  In the Matter of the Petition of the M/V Sunshine, II v. Beavin, 808 F.2d 762, 764 (11th Cir. 1987).  See also In re Twenty Grand Offshore, 313 F. Supp. 851, 853-54 (S.D. Fla. 1970) ("Rule F(5), as did

former Admiralty Rule 53, contemplates a prior or contemporaneous claim as a prerequisite to an answer contesting the plaintiff's right to limitation of liability."); <u>Allemand Boat Co. v. Kirk</u>, 1992 WL 352567, *1 (5th Cir. Nov. 18, 1992) ("[Defendant] filed an answer in the limitation case, despite the requirement in Rule F(5) of the Supplemental Rules for Certain Admiralty and Maritime Proceedings that a claim be filed first."); <u>White v. Sabatino</u>, 415 F. Supp. 2d 1163, 1180 (D. Haw. 2006) ("Rule F(5) of the Supplemental Rules for Certain Admiralty and Maritime Claims requires all potential claimants in a Limitation proceeding to file a claim and answer by the date specified by court order."); <u>In re Fun Time Boat Rental & Storage, LLC</u>, 431 F. Supp. 2d 993, 997 (D. Ariz. 2006) (internal citations omitted) ("First, the claimants seeking to recover damages must demonstrate the shipowner's liability for their loss, either by showing the owner's negligence or the unseaworthiness of the vessel.  If the claimants fail to establish liability, then the shipowner is entitled to exoneration and there is no need to consider the limitation claim."); <u>In re Complaint and Petition of Triton Asset Leasing GmbH</u>, 719 F. Supp. 2d. 753, 758 (S.D. Tex. June 16, 2010) ("Because these Movants contest Transocean's right to exoneration and limitation of liability, they must, under Rule F(5), first file a proof of claim and an answer to Transocean's Complaint."). "When a potential claimant in a limitation proceeding receives notice that the action has been filed, whether through publication or otherwise, the first pleading which must be filed is the Claim, which may also include an Answer if the claimant desires to contest the right to exoneration or limitation." 3-II <u>Benedict on Admiralty</u>, § 12.

In this case, no claim has been filed against Plaintiff Mark Beauvois as required by Supplemental Rule F(5).  As the Ninth Circuit has recognized, "[t]he whole doctrine of limitations of liability presupposes that a liability exists which is to be limited.  If no liability exists there is

nothing to limit." <u>In the Matter of Hechinger</u>, 890 F.2d 202, 207 (9th Cir. 1989).  The fact that no claim has been filed by JoEllen Beauvois, Lee, Crowley, and Bunkers is dispositive of the issue and accordingly clerk's default is due to be entered against them and all other non-filing claimants.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Clerk's Entry of Default Against Non-Filing Claimants (Doc. #22) is **GRANTED**.  The Clerk of the Court is directed to enter a Clerk's Default against the Non-Filing Claimants and Interested Parties JoEllen Beauvois, Robert Lee, Lynda Crowley, and Jeffrey Bunkers.

**DONE AND ORDERED** at Fort Myers, Florida, this __3rd__ day of December, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record